**EIn the**
**UNITED STATES DISTRICT COURT**
**for the SOUTHERN DISTRICT OF INDIANA,**
**NEW ALBANY DIVISION**

| | |
|---|---|
| **JULIE A. GATEWOOD BOOKER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *vs.* | )   **CAUSE NO. 4:08-cv-097-SEB-WGH** |
| | ) |
| **MICHAEL J. ASTRUE**, Commissioner of | ) |
| the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## E N T R Y

**Plaintiff's Petition for Attorney Fees (doc. 20)**

The Court reversed the Commissioner's decision denying Plaintiff Julie Booker's

application for disability benefits and remanded her claim to the Commissioner for

reconsideration with instructions.  Ms. Booker now petitions for an award of attorney fees under

the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  For the following reasons, we

grant her petition.

The EAJA provides:

Except as otherwise specifically provided by statute, a court shall award to a
prevailing party other than the United States fees and other expenses . . . incurred
by that party in any civil action . . . including proceedings for judicial review of
agency action, brought by or against the United States in any court having
jurisdiction of that action, unless the court finds that the position of the United
States was substantially justified or that special circumstances make an award
unjust.

\*       \*       \*

1

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*     *     *

> "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . . .

28 U.S.C. §§ 2412(d)(1)(A), (d)(1)(B), and (d)(2)(D).

The Government does not dispute that Ms. Booker is a "prevailing party" under the Act and does not argue that any special circumstance exists making an award unjust.  It argues only that its position in this matter was substantially justified.  Whether the Government's position was substantially justified is a question of reasonableness:  a position is "substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988).  Although the Government is correct that our present examination of substantial justification is independent of our previous examination of the merits of the Commissioner's decision on Ms. Booker's disability claim — *i.e.*, fees are not awardable merely because the Government lost below — the standards governing the two examinations are quite similar, at least as they relate to the Commissioner's factual findings.  We described our standard of review for the Commissioner's disability findings in our previous Entry:  "Substantial evidence is more than a scintilla, but less than a preponderance, of the evidence.  If the evidence is sufficient for a reasonable person to conclude that it adequately supports the Commissioner's decision, then it constitutes substantial evidence."  Entry (doc. 18), at 1 (citations omitted).

2

Thus, a conclusion that the Commissioner's factual findings regarding a claimant's application are not supported by substantial evidence means that a reasonable person could not conclude that the evidence was sufficient to support the findings. There is not much difference between this conclusion and one made on an EAJA review that the Commissioner's position was not substantially justified because a reasonable person could not think that the finding had a reasonable basis in fact.

We found two errors in the ALJ's decision below. First, he failed to articulate any analysis or evaluation of Dr. Christopher's 2003 assessment, which we found to be relevant and substantial evidence. Second, the ALJ rejected Drs. Christopher's and Connors' 2006 assessment on grounds that were not supported by substantial evidence. Once a prevailing party petitions for EAJA fees and establishes that she is a prevailing party, the burden is on the Government to show that the Commissioner's administrative decision and the Government's litigation position were substantially justified. Thus, the Government must show that the ALJ's errors, and the Commissioner's defense of them on judicial review, were substantially justified.

The Government starts by stating that the Court found only legal errors in the ALJ's treatments of Dr. Christopher's 2003 assessment and Drs. Christopher and Connors' 2006 assessment. While the line between legal and factual errors in disability determinations is not a bright one in many instances, the Government is wrong in its categorization in this case. While we found that the ALJ failed entirely to evaluate the 2003 assessment, which could be described as the legal error of failing in his duty to articulate his evaluation of significant evidence, from another perspective, the ALJ's failure to consider (or address) such significant expert medical

3

opinion that was directly on-point compromised the factual basis of his decision, rendering it incomplete, which could be characterized as an error of fact.  In addition, we clearly found that the ALJ's treatment of the 2006 assessment was based on three factual errors, *i.e.*, we rejected three material factual findings because they were not supported by substantial evidence:  the ALJ found that the 2006 assessment was inconsistent with (1) other test results in the Record; (2) Ms. Booker's treatment;[1] and (3) her educational, employment, and child-care activities.

The Government argues that the Commissioner had a rational basis for defending the ALJ's rejection of the 2003 and 2006 assessments on judicial review for two reasons.  First, "the ALJ reasonably assigned little weight to these opinions because they were inconsistent with the opinion of the state agency psychologist who had the benefit of reviewing all of the evidence of record before giving his opinion as to Plaintiff's mental residual functional capacity." (Defendant's Response (doc. 25) at 3).  In support of this point, the Government cites a decision holding that an ALJ may discount a treating physician's opinion if it is inconsistent with a consulting physician's opinion.  This argument fails and the precedent is inapposite.  In the first place, the ALJ did not "assign little weight" to the 2003 assessment; rather, he did not evaluate it at all.  In the second place, nowhere in his evaluation of the 2006 assessment did the ALJ mention, let alone rely on, the agency psychologist's opinion as a reason for assigning it "little

---

[1] On this point, we held that the ALJ's discounting of the assessment because Ms. Booker was not receiving treatment that he thought was commensurate with such a diagnosis was erroneous in part because it was not supported by any expert medical opinion about the level of treatment expected or required for such a diagnosis.  This was an error of fact but, from another perspective, it might also be characterized as a legal error:  the ALJ was impermissibly making medical judgments for which he was not qualified and failed in his duty to obtain the testimony of a medical advisor at the hearing.

weight."  As we noted in our previous Entry, judicial review of disability decisions is, by well-established law, limited to an ALJ's written decision and the reasons that *he* expresses for his determination; the Commissioner's *post hoc* rationalizations in court are irrelevant.  The Government might be attempting to evade this principle by phrasing its argument, not in terms of the justification for the ALJ's decisions, but in terms of the rational basis that the Commissioner had for defending the ALJ's decision on review.  But the Commissioner cannot legally or reasonably rely on reasons unexpressed by the ALJ as a justification for defending the ALJ's decision on judicial review.  There is no evidence in the Record supporting the idea that the ALJ gave little weight to the 2003 and 2006 assessments because of the agency psychologist's opinions.

As its second, and last, rational basis advanced for the Commissioner defending the ALJ's decision, the Government argues that "[t]he ALJ also considered evidence that Plaintiff was able to take care of three children by herself, including two mentally handicapped children as arguably inconsistent with Drs. Connors' and Christopher's assessments that Plaintiff has severely limiting symptoms due to her mental impairment."  (Defendant's Brief, at 3-4).  But this is merely a repetition of one of the three reasons that the ALJ gave for discounting the 2006 assessment and one that we already — and easily — found on review was not supported by substantial evidence.  The Government adds nothing to bolster the weight of the rationalization here.  In our Entry, we rejected this rationale because "the ALJ cited no evidence in the record indicating . . . the effort required to care for [Ms. Booker's] children to support his bare assumption that these activities and interests are inconsistent with Drs. Christopher's [and] Connors' opinion that Ms. Booker is not capable of sustained functioning in a workplace

setting." Entry, at 15-16.  This reason for denying Ms. Booker's application was not supported by substantial evidence in the Record and the Commissioner's reliance on it as a rationale for defending the ALJ's denial was not substantially justified.

The Government has not carried its burden of showing that the ALJ's decision and the Commissioner's positions on judicial review were substantially justified.  Therefore, Ms. Booker is entitled to an award of EAJA fees.

Ms. Booker attached to her petition an itemization showing 41.70 hours of work performed by her attorney at an hourly rate of $173.87 for a total request fee award of $7,250.38. A court may enhance the statutory hourly rate of $125.00 if it "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  In her petition, Ms. Booker showed the increase in the cost of living from March 1996, when the statutory rate was established, to October 2008, when counsel performed much of the work in this case.  The Government presented no objection to the number of attorney hours worked or the enhanced hourly rate requested.  On review of Ms. Booker's itemization, we find all therein to be reasonable and justified.

The Government did object to payment of the fee award directly to Ms. Booker's attorney as requested, without evidence of a valid assignment of those fees to him.  EAJA fees are awarded to a prevailing plaintiff, not her attorney.  *Astrue v. Ratliff*, No. 08-1322, Slip Op. at 6, 2010 WL 2346547, * 5 (U.S., June 14, 2010).  However, in cases where the prevailing plaintiff has assigned her rights in EAJA fees to her attorney, and pursuant to the Government's

usual practice, the Government may pay EAJA awards directly to her attorney, *see*, *id.*, Slip Op. at 10, 2010 WL 2346547, * 7.  Ms. Booker attached an assignment to her reply, (Plaintiff's Reply (doc. 26), Exhibit A), and the Government did not challenge its validity.  Therefore, the Government shall pay the EAJA fee award directly to Ms. Booker's attorney.

Ms. Booker's petition for an EAJA award of attorney's fees is **GRANTED**.  The Government shall pay $7,250.38 directly to Ms. Booker's attorney, Timothy J. Vrana.

**SO ORDERED**.

Date:  07/13/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Timothy J. Vrana
tim@timvrana.com